UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| NAPOLEON RAMON GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-128 |
| | ) | |
| CPL. PETIOTE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Cpl. Petiote answered *pro se* plaintiff Napoleon Ramon Graham's Complaint, doc. 11, and the Clerk entered a Scheduling Notice, doc. 12. Petiote moved to extend the discovery deadline because Plaintiff was released from his incarceration and Petiote could not locate him to schedule his deposition. *See* doc. 16 at 2. The Court directed Graham to respond and show cause why his case should not be dismissed for his failure to keep the Court apprised of his address. Doc. 17. The Court expressly warned Graham that failure to respond would result in dismissal, pursuant to Federal Rule 41(b). *Id.* at 2. The deadline for him to respond to that Order has expired and the service copy has been returned by the United States Post Office as undeliverable. Doc. 19. Because Graham has failed to comply with the Court's order and failed

1

to keep the Court appraised of his address, *see* S.D. Ga. L. Civ. R. 11.1, his case should be **DISMISSED**.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, Plaintiff's Complaint should be **DISMISSED** for his failure to comply with the Court's Order and Local Rules, and his failure to prosecute this action.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

---

[1] If Plaintiff wishes to respond to the Court's prior Order, the fourteen-day objections period, discussed below, affords him one final opportunity to do so. If he responds out-of-time, he must include an explanation for his failure to timely comply. He must also provide the Clerk with an updated address in compliance with the Local Rules.

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 20th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA